*997 OPINION.
Smith:
It is now well settled that when the stockholders of a corporation distribute its assets, leaving the corporation without means for paying income taxes due from it, they become liable as transferees for the unpaid taxes of the corporation, under section 280 of the Revenue Act of 1926, and that the taxes for any year, although not determined or assessed at the time of the distribution of the assets to the stockholders, must be taken into account in determining the question of the taxpayer’s ability to pay the taxes at that time. United States v. Armstrong, 26 Fed. (2d) 227; Samuel Keller, 21 B. T. A. 84; aff'd., Commissioner v. Keller, 59 Fed. (2d) 499; Edward H. Garcin, 22 B. T. A. 1027.
In these proceedings the respondent contends that the petitioners as stockholders of the taxpayer corporation received the distribution of its assets in 1925, which left the taxpayer without assets from which the tax could be collected.
The petitioners contend, on the other hand, that the Land Company had assets from which the deficiency in taxes for 1925 might have been collected.
From a careful consideration of the evidence, we are of the opinion that the petitioners are liable as transferees under section 280 of the Revenue Act of 1926. So far as appears, the only assets of value of the Land Company in 1925 had been distributed to the petitioners. These assets consisted of $35,000 in cash and a farm which had an admitted value of $24,000. The Land Company had certain liabilities and the petitioners agreed to transfer their stock in the Land Company to the Vizard Investment Company, the purchaser, upon that company agreeing to pay the liabilities of the Land Company, not including any income-tax liability. We can not find from the evidence that the assets of the Land Company after the sale of the 164 lots to the Vizard Investment Company had anything more than a negligible value. A warrant of distraint issued in 1929 was returned nulla tona. There is no evidence that the Land Company had any less assets in 1929 than in July, 1925, after the sale of the 164 lots above referred to. We accordingly find that the petitioners are liable as transferees for the amount of the unpaid tax. The asserted liability of $1,101.84, plus interest, should be reduced by the amount of $207.67, which has since been collected and applied to such liability.

Judgment will be entered under Rule 50.